632

## SMITH v. BANISTER.
No. S–2236.

District Court of Alaska. Third Division. Seward.
Dec. 8, 1939.

Warren A. Taylor, of Kodiak, for plaintiff.
R. E. Baumgartner, of Seward, for defendant.

HELLENTHAL, District Judge.

The complaint alleges that the defendant is a licensed and practising physician and surgeon; that between the 1st day of January and the 7th day of January, 1939, the plaintiff was a patient under the care and treatment of

the defendant; that thereafter, at a hearing of the District Court, the defendant, not being served with subpoena, testified by affidavit; that said affidavit contained scurrilous, defamatory and scandalous matter not pertinent and material to the issue on trial and which was alleged in said affidavit to have come to his knowledge while acting as her physician, a copy of the affidavit is attached to the complaint; that said affidavit divulged information and purported facts obtained while plaintiff was under the care of the defendant physician and while the confidential relationship of patient and physician existed; that by reason of the testimony of the defendant, as aforesaid, the matter in issue was decided adversely to the plaintiff; that said information and alleged facts contained in said affidavit constituted privileged communication between physician and plaintiff; and that the plaintiff was injured in her good name and held up to scorn, ridicule and derision to her damage in the sum of $3,000.

The affidavit attached to the complaint purports to be a counter affidavit and relates to an issue raised by the plaintiff regarding her mental capacity on December 7, 1938, when a paper writing entitled "Property Settlement" was made by the plaintiff. The affidavit states that the defendant was well acquainted with the plaintiff prior to and after the 7th day of December, that he often saw, spoke to and with the plaintiff; that she was at all times in good and normal health, and physically and mentally capable and able to fully understand and realize the nature, meaning, contents and significance of that certain agreement entitled "Property Settlement."

The affidavit then states that between the 1st of January, 1939, and the 7th of January, 1939, the plaintiff was under the care of the defendant, that her physical and mental condition was not such as to prevent or disable her or incapacitate her in any way from fully and completely understanding the nature, meaning and contents of the Property Settlement referred to.

The affiant then explains that the treatment received by the plaintiff was in no way connected with any impairment of her health or mind. The affidavit, thereafter, contains a statement relating to the plaintiff's habits which is the only statement which could possibly be referred to as in any way being scandalous and from the affidavit it is apparent that defendant's knowledge of plaintiff's habits was obtained by general observation and was not confined to knowledge obtained by the defendant while the plaintiff was under his care, and was such, that it could be observed by laymen as well as a physician.

It is apparent to the Court that the statement contained in the complaint, which is as follows, "and which was alleged therein to have come to his knowledge while acting as her physician" is not justified from a careful reading of the affidavit.

The Compiled Laws of Alaska provide:

Section 4312: *"Competency of physician.* A physician or surgeon shall not, against the objection of his patient, be examined in a civil action or proceeding as to any information acquired in attending the patient which was necessary to enable him to prescribe or act for the patient."

Section 3443: *"What may be pleaded in answer in such cases.* In the actions mentioned in the last section the defendant may, in his answer, allege both the truth of the matter charged as defamatory and any mitigating circumstances to reduce the amount of damages; * * *."

Section 5065: *"Presumption in case of injurious publication.* An injurious publication is presumed to have been malicious if no justifiable end or good motive is shown for making it."

17 Ruling Case Law, Libel and Slander, Section 87, page 340, after holding that the English rule is that a witness has absolute privilege if his testimony is con-

fined to statements made in the character of a witness or with reference to matters before the court, states the American rule to be as follows: "In the United States. although the broad English rule has been approved and apparently adopted in a few jurisdictions, it is held by the great weight of authority that defamatory words uttered by a witness in the course of judicial proceeding are absolutely privileged only when such words are connected with or are relevant or material to the subject of inquiry. But if such words are relevant or pertinent, no action will lie even though the utterance is false or malicious. The rule has been announced that the position of a witness is one of absolute privilege when the answers are directly responsive to the questions of attorneys which are material, or the immateriality thereof is waived by failure to object. And the mere fact that words uttered by a witness were not in response to questions does not, it has been held, avoid the privilege, if they were spoken in respect to pertinent and relevant matters, although statements officiously volunteered might be evidence of express malice. Furthermore, words not relevant nor pertinent to the matter in question have nevertheless been held to be privileged if spoken in good faith, under a belief that they were relevant and proper and without actual malice."

36 Corpus Juris, Libel and Slander, provides:

Section 223: "* * * Except as it may be noted hereafter, as a general rule defamatory matter published in the due course of a judicial proceeding is absolutely privileged and will not support an action for defamation, although made maliciously and with knowledge of its falsity. This privilege extends to the protection of the judge, parties, counsel and witnesses, and arises immediately upon the doing of any act required or permitted by law in due course of a judicial proceeding or as preliminary thereto. A publication in the course of a judicial proceeding, if not absolutely privileged, is at least prima facie or condi-

tionally privileged, as for instance where there was a want of jurisdiction or where the matter was not relevant or pertinent to the subject of the inquiry. * * *"

Section 225: "* * * While the rule, as stated in the early English cases, made the materiality or the relevancy of the communication necessary to confer upon it an absolutely privileged character, the law now seems to be settled that judges, counsel, parties, and witnesses are absolutely exempted from liability to an action for defamatory words published in the course of judicial proceedings, regardless of whether they were relevant or material to the issue. In the United States, according to the weight of authority, in order that defamatory words, published by parties, counsel, or witnesses, in the due course of a judicial procedure, may be absolutely privileged, they must be connected with, or relevant or material to, the cause in hand or subject of inquiry. If they are so published and are so relevant or pertinent to the subject of inquiry, no action will lie therefor, however false or malicious they may in fact be. However, there are some assertions in American cases which appear to favor the present English rule; and in some jurisdictions in the United States there are exceptions made to the general American rule, and the English rule is adopted as to judges, pleadings, and witnesses."

Section 226: "* * * In the earliest of the leading cases on the subject the words used in determining the extent of matter that may be absolutely privileged were: 'relevant' or 'pertinent;' but these words have in a measure a technical meaning, and perhaps they are not the best words that could be used. So some courts have preferred the use of the words 'have in reference,' 'having relation to the cause or subject matter' or 'made with reference.' There is difficulty in determining in some cases what is relevant or pertinent. In determining the question the courts are liberal, and the privilege embraces

anything that may possibly be pertinent. All doubt should be resolved in favor of its relevancy or pertinency."

Section 227: "* * * If the communication be irrelevant, it does not necessarily become actionable. Even though the matter published in a judicial proceeding is irrelevant or immaterial, ordinarily it is entitled to the protection of a prima facie or qualified privilege; and it is not actionable if, although irrelevant or immaterial, the publisher had reasonable or probable cause so to believe; nor is it actionable in any case without proof of actual malice."

Section 231: "* * * Motions or affidavits filed in a civil case before a court having jurisdiction in the premises are absolutely privileged, if the matter contained therein is relevant and pertinent to the issue. The motion or affidavit is at least qualifiedly or prima facie privileged. It has been held that the fact that a person makes an affidavit voluntarily, without requiring the party requesting it to take proceedings to have his deposition taken, does not affect the question of privilege. But if an irrelevant charge otherwise libelous is contained in an affidavit, it may be the basis of an action for libel, if shown to have been maliciously made without an honest belief based upon reasonable ground that it was relevant to the issue. There is American authority to the effect that the motion or affidavit is absolutely privileged,. even though the matter complained of is immaterial or irrelevant. If a witness who has testified by affidavit publishes the false matter otherwise, as by exhibiting it to persons not connected with the suit or the court, the fact that the same paper might afterward be used, in a judicial proceeding, or that it has been previously so used, affords no protection."

The case of Smith v. Driscoll, 94 Wash. 441, 162 P. 572, L.R.A.1917C, 1128, is relied upon by the plaintiff, which seems to be against the rule above set forth. This case, however, has been criticised in that it was decided

upon a point of pleading and what is there said upon the question of substantive law is obiter.

The Statute of Alaska makes a communication between doctor and patient privileged, provided it is objected to. The complaint, in this case, does not state that the testimony was given over the objection of the plaintiff, that it was malicious or that it is untrue or allege facts showing that the defendant had no justifiable end or good motive in making the affidavit. It does state that the affidavit contains scurrilous, defamatory and scandalous matter not pertinent and material to the issue. It does not point out what part of the affidavit is referred to and states that by reason of the testimony of the plaintiff (undoubtedly meaning the defendant) as aforesaid in said hearing, the matter at issue was decided adversely to the plaintiff.

 The Court is of the opinion that all the allegations of the affidavit are connected with the issue raised by the plaintiff and therefore privileged as a matter of law, and that since the complaint does not state that the testimony was objected to and does not state either that the testimony was untrue or was given maliciously with intent to injure the plaintiff or allege facts showing that no justifiable end or good motive was shown in making it, the complaint does not state facts sufficient to constitute a cause of action.

The defendant may prepare and present an order sustaining the demurrer to the complaint, allowing the plaintiff an exception.