(June 11, 1964)

■ In the Matter of the Arbitration between CHARIOT TEXTILES CORP., Respondent, and WANNALANCIT TEXTILE Co., Appellant, and KUTE KIDDIES COATS, INC., et al., Respondents.— Order, entered on March 26, 1964, consolidating three arbitration proceedings, reversed, on the law, with $20 costs and disbursements to respondent-appellant, and the motion denied. Prior to the enactment of chapter 308 of the Laws of 1962, entitled Civil Practice Law and Rules (CPLR), there was judicial power to consolidate arbitration proceedings. The then power was grounded on former section 1459 of the Civil Practice Act, constituting arbitration of a controversy a special pro-

ceeding and former section 96 of the Civil Practice Act, enabling consolidation of special proceedings. (*Matter of Symphony Fabrics Corp.* [*Bernson Silk Mills*], 12 N Y 2d 409, 412; *Matter of Adam Consolidated Inds.* [*Miller Bros. Hat Co.*], 6 A D 2d 515.) 7502 CPLR discards the concept that the arbitration of a controversy is a special proceeding; it requires the institution of a special proceeding to bring before a court the initial application arising out of the controversy unless an action be pending, in which case the application may be by motion therein. The statutory basis for the judicial power to consolidate arbitration controversies supplied by sections 1459 and 96 of the Civil Practice Act has been eliminated. (See Second Preliminary Report of the Advisory Committee on Practice and Procedure, Feb. 15, 1958, N. Y. Legis. Doc., 1958, No. 13, p. 134; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7502.04.) Consolidation requires pending actions (CPLR 602) and " actions " embrace special proceedings (CPLR 105). We do not find it necessary to reach the question of our power, if any, to direct in appropriate circumstances or in order to prevent the abuse of court facilities that arbitration proceedings be combined for the purposes of a joint trial. Concur — Botein, P. J., Rabin, McNally and Eager, JJ.; Valente, J., dissents in the following memorandum: The court is reversing an order consolidating three arbitrations and denying the application on the ground that the enactment of the CPLR stripped the court of the power to consolidate — a power which it had theretofore exercised. (*Matter of Symphony Fabrics Corp.* [*Bernson Silk Mills*], 12 N Y 2d 409; *Matter of Adam Consolidated Inds.* [*Miller Bros. Hat Co.*], 6 A D 2d 515.) The predicate of the claimed divestment of power is that CPLR 7502 changed the prior law. (Civ. Prac. Act, § 1459, which provided that " Arbitration of a controversy * * * shall be deemed a special proceeding ") and thereby eliminated the basis for any exercise of a power to consolidate. CPLR 7502, subd. (a) provides: " A special proceeding shall be used to bring before a court the first application arising out of an arbitrable controversy which is not made by motion in a pending action." Since the desirability and usefulness of consolidation of arbitrations are no longer open to question (see cases cited, *supra*), power to effect such ends should not lightly be disclaimed. Particularly is that true where an act such as the CPLR — intended to remove many of the technicalities of practice and pleading which had encrusted the Civil Practice Act and is to be liberally construed (CPLR 104) — is the asserted basis for ouster of jurisdiction. Had three separate proceedings been initiated to compel arbitration under each of the contracts involved herein, there would have been three proceedings pending which could have been consolidated. In such an event could an application to consolidate be properly denied? The commencement of the instant proceeding transmuted each of the arbitrations into a special proceeding since it was " used to bring before a court the first application arising out of an arbitrable controversy " (CPLR 7502, subd. [a]). In effect, a party to three separate arbitration agreements was applying to the court to compel the other parties to the agreements to arbitrate in a joint arbitration. Thus, to rebut the technical argument denying consolidation because of the absence of any pending special proceeding, there may properly be advanced the contention that the proceeding commenced herein was sufficient to make each of the arbitrations a special proceeding subject to the court's jurisdiction. Furthermore, the fact that the courts in granting consolidation of arbitrations under the Civil Practice Act seized on the convenient language of former section 1459 of the act, making arbitrations special proceedings, as a fulcrum for exercising jurisdiction, does not preclude the existence of other grounds for assuming such power. CPLR 7501 provides that a written

agreement to arbitrate "confers jurisdiction on the courts of the state to enforce it." I would hold that jurisdiction to enforce contracts to arbitrate imports power to regulate the method of enforcement. Since the majority of the court tacitly admits that the instant case presents a proper basis for consolidation of the arbitrations, and rests its reversal solely on the ground of lack of power, I must dissent. I would hold that such power exists both by virtue of CPLR 7501 and under CPLR 7502, subd. (a) with the commencement of the instant proceeding. I would therefore affirm.