James **NIZINSKI**, Appellant,

v.

**GOLDEN VALLEY ELECTRIC ASSOCIA-TION, INC.**, an Alaska corporation, Appellee.

No. 1685.

Supreme Court of Alaska.

April 27, 1973.

James Nizinski, pro se.

David H. Call, Call, Haycraft & Fenton, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, and BOOCHEVER, JJ.

## OPINION

ERWIN, Justice.

This appeal arose out of the dismissal of appellant, James Nizinski, by the appellee, Golden Valley Electric Association, Inc. On March 31, 1971 appellant helped to extinguish a fire on one of appellee's D9 Cats. Concerned with the lack of training in fire fighting received by employees of the appellee, appellant wrote a grievance statement. Copies were given to Mr. Graham, the plant superintendent, and Mr. Von Blarcom, the shop steward. The part of the statement which eventually led to the appellant's termination read:

I believe, in view of this experience that any further attempts, at this time, by the employees of this power plant, in

the line of fire protection, could be extremely hazardous to their well being and, to the well being of others in the plant. I also wish it to be known now, rather than at a time of emergency (hoping the same never again will occur), that I feel I cannot lend my assistance in order to save equipment or property of this plant in the line of fire fighting as I feel I have not had proper and/or qualified instruction.

On April 15, 1971 appellant and Mr. Von Blarcom were called into Mr. Graham's office to discuss the matter further. Appellant failed to retract or to explain his written statements to the satisfaction of appellee's representative and his employment was terminated the same day.

The first three steps of the grievance procedure were undertaken after appellant filed a written grievance maintaining his termination was unjustified and without proper cause.[1] No progress was made in resolving the dispute so step four, arbitration, was invoked. Mr. Charles Currington was chosen as the arbitrator for this dispute. The arbitration hearing was held in Fairbanks, Alaska on May 11, 1971. The decision was handed down by Mr. Currington on May 14, 1971 and stated:

> After reviewing the transcript of the Arbitration hearing in this case, I find the discharge of James Nizinski justified.
>
> It has long been the practice in isolated areas that it is the responsibility of all personnel to do their utmost to furnish fire protection, and to allow an employee to refuse to assume his responsibility of combating fire could be taking complete authority away from the company and placing it in the hands of the individual employees to do as they desired in defiance of company policy. Realizing discharge is the maximum penalty imposed on an employee, I find, in this case, the company is justified.

Appellant next commenced this action by filing a complaint against Golden Valley Electric Association, Inc. alleging three claims for relief. Appellant summarized them in the brief submitted to this court as follows:

> a. That the Plaintiff/Appellant was unlawfully and improperly discharged from his employment;
>
> b. That an arbitration in which the Defendant participated was in violation of a contract between the Defendant and a bargaining agency representing the Plaintiff/Appellant; and
>
> c. That the Plaintiff/Appellant's discharge was in violation of the rights guaranteed him by the First Amendment and that the award was granted as a result of the incompetency and the bad faith of the arbitrator.

Appellee filed a motion for summary judgment under Civil Rule 56, and on January 12, 1972, the court granted appellee's motion.

In order to uphold this decision the court must find that there was an absence of a genuine issue as to any material fact, and that appellee was entitled to judgment as a matter of law.[2]

---

1. The first three steps of the grievance procedure spelled out in the agreement between the appellee and appellant's union provided:

   4.3 *Step One:* The matter shall be discussed between the shop steward or the employee and the plant superintendent or his authorized representative.

   4.4 *Step Two:* If not settled as provided above within seven (7) days, the matter shall be reduced to writing and submitted to the Union representative and the Production Superintendent.

   4.5 *Step Three:* Should any matter not be adjusted in accordance with the above procedure after an additional seven (7) days, the manager of the Company and Union representative and/or their authorized representative shall meet and attempt to settle the complaint.

2. The relevant portion of Civil Rule 56(c) states:

   Judgment shall be rendered forthwith if the pleadings, depositions and admissions on file, together with the affi-

Appellant was a beneficiary of a collective bargaining agreement between appellee and his union which provided for binding arbitration as the last step in the grievance procedure involving disputes between the contracting parties.[3] The arbitrator under that agreement rendered a decision holding that appellant was terminated for "good cause".

The law now favors arbitration with a minimum of court interference.[4] In Astoria Medical Group v. Health Insurance Plan of Greater New York,[5] it was noted that arbitration was "essentially a creature of contract, a contract in which parties themselves charter a private tribunal for the resolution of their disputes." If the parties have submitted the dispute to binding arbitration the merits of the controversy are not subject to judicial review.[6] However, there are certain instances where courts will interfere with decisions made by an arbitrator. Some of the most common instances in which a court can grant relief is where there has been gross neg-

ligence, fraud, corruption, gross error or misbehavior on the part of the arbitrator.[7]

With this background in mind the summary judgment granted against appellant must now be analyzed. This court has recently held in Braund, Inc. v. White[8] that the essence of the motion of summary judgment is that "there is no genuine issue of material fact to be resolved by the trier of fact, and that the movant is entitled to judgment on the law applicable to the established facts." Inferences of fact from the proffered proofs are drawn in favor of the party opposing the motion and against the movant.[9] Note 5 in *Braund* may best describe the mechanics of summary judgment.

In order to carry the burden of proof in summary judgment, the party seeking the judgment must not only prove his own case but also disprove the affirmative defenses of his opponent. He has the entire burden of proving that his opponent's case has no merit. Summary judgment depends upon provable facts.

davits, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.

3. The agreement between Golden Valley Electric Association, Inc. and the International Union of Operating Engineers, Local Number 302 in paragraph 4.6 states that:
Any dispute not settled within ten (10) days after it is so presented in Step Three will be submitted to arbitration.
Disputes submitted to arbitration may be presented orally or in writing by both parties. . . . Decision shall be rendered within seven (7) days after such hearing and such decision shall be final and binding on both parties.

4. Arbitration is defined as a "substitute for proceedings in court." McRae v. Superior Court, 221 Cal.App.2d 1166, 169, 34 Cal.Rptr. 346, 349 (1963); *see also* Parsons v. Norfolk & W. Ry. Co., 310 F.Supp. 1197, 1201 (S.D.W.Va.1970), aff'd. 442 F.2d 1075 (4th Cir. 1971); Riverton Valley Elec. Ass'n v. Pacific Power & Light Co., 391 P.2d 489, 495 (Wyo.1964). *See* A.S. 09.43.010–09.43.-180.

5. 11 N.Y.2d 128, 132, 227 N.Y.S.2d 401, 403, 182 N.E.2d 85, 87 (1962).

6. Ficek v. Southern Pacific Company, 338 F.2d 655, 656 (9th Cir. 1964), cert. denied, 380 U.S. 988, 85 S.Ct. 1362, 14 L.Ed. 2d 280 (1965) ; Monte v. Southern Delaware County Authority, 335 F.2d 855, 857 (3rd Cir. 1964) ; Cortez v. California Motor Express Co., 226 Cal.App.2d 257, 261, 38 Cal.Rptr. 29, 31 (1964) ; Riley v. Pig'n Whistle Candy Co., 109 Cal. App.2d 650, 651, 241 P.2d 294, 295 (1952) ; Silva v. Mercier, 33 Cal.2d 704, 708, 204 P.2d 609, 612 (1949).

7. Pacific Vegetable Oil Co. v. C. S. T., 29 Cal.2d 228, 174 P.2d 441, 449 (1946) ; Cassara v. Wofford, 55 So.2d 102, 105–106 (Fla.1951) ; Park Constr. Co. v. Independent School Dist., 216 Minn. 27, 11 N.W.2d 649, 653 (1943).

8. 486 P.2d 50, 53 (Alaska 1971).

9. Wilson v. Pollet, 416 P.2d 381, 384 n. 13 (Alaska 1966) ; 6 J. Moore, Federal Practice § 56.04 [2], at 2066–67 (2d Ed. 1972).

The court must pierce the pleadings in search of genuine factual issues, placing a definite burden on both the movant and the respondent to present sworn facts in support of their positions. The respondent must present factual material to avoid summary judgment, and he may not rely on general allegations. If respondent does not have the facts necessary to controvert the claims made by movant, he must ask for additional time to obtain them under Civil Rule 56(f) or suffer the consequences of not properly opposing a motion for summary judgment. A mere allegation by respondent is that it is possible he may get proof of his position in the future is insufficient. To base denial of a motion for summary judgment on such an allegation would ignore the plain meaning of Civil Rule 56. It would operate to defeat the purpose of requiring the parties to show by *evidence* that summary judgment is or is not proper, and would destroy the effectiveness of the rule (citations omitted) (emphasis in original).[10]

█ Golden Valley offered proof that the arbitrator did not rely substantially on fraudulent and untrue statements made by their representatives as alleged in plaintiff's first cause of action. It would seem that the truth or interpretation of the statement would not present a factual issue since appellees offered in support of their motion for summary judgment an affidavit of the arbitrator in which he stated under oath that the sole reason for his decision was that "James Nizinski had, in writing and orally, stated that he would not lend assistance to the fighting of a fire that might occur at his place of employment, in Healy, Alaska." Appellant in his affidavit in opposition to the motion for summary judgment made no presentation of factual

material to avoid a summary judgment on his first cause of actions but instead relied on general allegations of what he would try to show at trial. Appellant made no formal request for additional time under Civil Rule 56(f) to obtain the facts necessary to controvert the claims made by movant. For these reasons it appears that the motion for summary judgment was properly granted here.

█ The second claim for relief raised by appellant was that he was terminated in violation of a contract between the defendant and a bargaining agency representing the plaintiff/appellant. The third claim for relief raised the claim that appellant's termination violated his First Amendment rights and that the award was granted as a result of the incompetency and the bad faith of the arbitrator. It would seem that these allegations could only stand if in fact plaintiff was dismissed for other than "good cause". The appellant offered no evidence in his affidavit that this was the case—no factual material was presented to avoid the summary judgment. Since "good cause" of appellant's termination was the focal issue of the arbitration proceeding it would not be subject to judicial review except in certain rare instances.[11] While fraud or gross error on the part of the arbitrator may provoke judicial review, appellant has set forth no factual material to justify a reversal of the summary judgment order of the superior court in this instance.[12]

In fact a review of the record in this instance indicates there was no fraud or gross error. The arbitrator was selected in an impartial manner, appellant was given notice of the arbitration proceedings and an opportunity to be heard. The record of the arbitration proceeding indi-

---

10. 486 P.2d at 54 n. 5.

11. See notes 6 and 7 *supra*.

12. In Inman v. Clyde Hall Drilling Co., 369 P.2d 498, 500 (Alaska 1962), this court stated:

We recognize that 'freedom of contract' is a qualified and not an ab-

solute right and cannot be applied on a strict, doctrinal basis. An established principal is that a court will not permit itself to be used as an instrument of inequity and injustice. (citations omitted)

cated that it was conducted in a fair and reasonable manner with each side given ample opportunity to present their position. While we might not necessarily agree with the decision of the arbitrator, it does not appear to be a product of fraud, gross negligence, corruption, gross error or misbehavior on the part of the arbitrator.

The decision of the superior court is affirmed.

FITZGERALD, J., not participating.