James **NIZINSKI**, Appellant,

v.

Charles E. **CURRINGTON**, Appellee.

No. 1799.

Supreme Court of Alaska.

Jan. 2, 1974.

James Nizinski, in pro. per.

Joseph W. Sheehan, of Rice, Hoppner, Blair & Associates, Fairbanks, for appellee.

Before RABINOWITZ, C. J., and CONNOR, ERWIN, BOOCHEVER and FITZGERALD, Justices.

OPINION

FITZGERALD, Justice.

The appellant, James Nizinski, was discharged by his employer, Golden Valley

Electric Association.[1] Nizinski contested the discharge and the matter was submitted to arbitration in accordance with his collective bargaining agreement with Golden Valley. Charles Currington, the appellee here, was selected to be the arbitrator. He found that Golden Valley was justified in discharging Nizinski.

Nizinski then brought suit in superior court against the employer, alleging in part that the arbitration by Currington was invalid because of fraudulent misstatements made by Golden Valley. This suit was terminated by summary judgment in favor of the employer. Nizinski appealed that decision to this court, and we affirmed. Nizinski v. Golden Valley Electric Association, 509 P.2d 280 (Alaska 1973).

Nizinski next brought suit against Currington, the arbitrator, for an allegedly libelous statement made in an affidavit submitted on behalf of Golden Valley in support of its successful motion for summary judgment. This affidavit stated in part:

"The sole reason for the decision by affiant, confirming the discharge by Golden Valley of James Nizinski, was that said James Nizinski had, in writing and orally, stated that he would not lend any assistance to the fighting of a fire that might occur at his place of employment, in Healy, Alaska."

Currington moved to dismiss the complaint for failure to state a claim for which relief could be granted. The trial court granted the motion and Nizinski has appealed.

Before we reach the merits of this appeal we must determine whether the trial court's order is final, and thus appealable. The federal courts have established that an order entered pursuant to Civil Rule 12(b)(6)—failure to state a claim for which relief can be granted—may or may not be appealable, depending on whether the court dismisses only the particular complaint or the asserted action itself.[2] This court has also recognized that some Civil Rule 12(b)(6) dismissals are not appealable.[3]

■ There is considerable uncertainty about the complaint/action distinction. We will therefore treat a Rule 12(b)(6) dismissal as appealable where it is clear that the trial court determined that the complaint could not be amended so as to prevent future dismissals, thereby preventing the claimant from proceeding.[4]

■ In the instant case it is clear from the record that the trial judge determined that Nizinski's complaint could not be actionable even with an amendment, hence the trial court order was final. We proceed to the merits of the appeal.

This court has said that even under the present liberal, notice-type civil rules a complaint must "disclose information from which a court could conclude that a valid claim is alleged showing that the pleader is entitled to relief."[5]

■ Nizinski's complaint averred that Currington had submitted a libelous affidavit in a judicial proceeding. Currington moved to dismiss, contending successfully that the complaint revealed on its face[6]

---

1. Hereinafter referred to as Golden Valley.

2. 2A J. Moore, Federal Practice § 12.14, at 2338 (2nd ed. 1948).

3. City of Fairbanks v. Electric Distribution Sys., 413 P.2d 165, 168 (Alaska 1966); Dworkin v. First Nat'l Bank of Fairbanks, 444 P.2d 777, 778 (Alaska 1968).

4. *See* Marshall v. Sawyer, 301 F.2d 639 (9th Cir. 1962) for a fuller discussion of this practical approach to the problem.

5. Civil Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."

   *See also* Dworkin v. First Nat'l Bank of Fairbanks, 444 P.2d 777, 778 (Alaska 1968).

6. Normally the defense of privilege must be asserted as an affirmative defense, *see* Annot., 51 A.L.R.2d 552, 567 (1957), but the privilege is properly before the court on a Civil Rule 12(b)(6) motion where the complaint itself clearly alleges or shows the existence

the existence of an absolute privilege which barred an action for libel.

 The authorities are virtually unanimous that defamatory testimony by a witness in a judicial proceeding, which is pertinent to the matter under inquiry, is absolutely privileged. In such instances an action for libel or slander will not lie even though the testimony is given maliciously and with knowledge of its falsity.[7] The rule applies to affidavits as well as to in-court testimony.[8]

 The trial court was therefore justified in dismissing Nizinski's complaint if the Currington affidavit was pertinent to the proceedings in which it was tendered. The court properly decided the question since it presented a legal issue rather than one of fact.[9] Moreover, the trial court could consider matters of public record, including the court files in Nizinski v. Golden Valley Electric Assoc.,[10] although normally a motion to dismiss under Civil Rule 12(b)(6) is determined solely on the basis of the pleadings.[11]

The test in this regard is not relevance or materiality in the strict sense, but rather whether the statement has some reasonable reference or connection to the subject of inquiry.[12]

Nizinski contended, *inter alia*, in the *Golden Valley* suit that the arbitrator Currington had acted incompetently and in bad faith in affirming the company's right to fire Nizinski. Thus an affidavit from Currington detailing the rationale for his decision [13] was clearly pertinent to the subject matter of the judicial proceeding, and neither the alleged falsity of the statement nor the malice behind its utterance would support a claim for defamation. The trial court acted properly in dismissing the complaint for failure to state a claim for which relief could be granted.

Affirmed.

of the circumstances creating the privilege. Owen v. Kronheim, 113 U.S.App.D.C. 81, 304 F.2d 957, 958 (1962); Whelan v. Wolford, 164 Cal.App.2d 689, 331 P.2d 86, 88 (1958).

7. Smith v. Banister, 9 Alaska 632 (1939); Fairbanks Publishing Co. v. Francisco, 390 P.2d 784 (Alaska 1964) (dicta); W. Prosser, Torts, at 777–81 (4th Ed. 1972); Restatement of Torts § 585–589 (1938).

8. *See* Annot., 54 A.L.R.2d 1299, 1305–9 (1957).

9. *See* Stryker v. Barbers Super-Markets, Inc., 81 N.M. 44, 462 P.2d 629, 631 (1969); Powers v. Vaughan, 312 Mich. 297, 20 N.W.2d 196, 199 (1945); Restatement of Torts § 619 (1)(1938).

10. 509 P.2d 280 (Alaska 1973).

11. *See* Iacaponi v. New Amsterdam Casualty Co., 379 F.2d 311, 312 (3rd Cir. 1967); Hagan v. State of California, 265 F.Supp. 174, 175 (D.C.Cal.1967).

12. *See* Stryker v. Barbers Super-Markets, Inc., 81 N.M. 44, 462 P.2d 629 (1969); Spoehr v. Mittelstadt, 34 Wis.2d 653, 150 N.W.2d 502 (Wis.1967); W. Prosser, Torts § 109 (3rd Ed. 1964); Restatement of Torts § 589 (1938).

13. The affidavit read in part:
"The sole reason for the decision . . . was that James Nizinski had . . . stated that he would not lend any assistance to the fighting of a fire that might occur at his place of employment . . . ."