■ In the Matter of the Arbitration between MATERIALS INTERNATIONAL, DIVISION OF SYNTHANE TAYLOR CORPORATION, Appellant, and MANNING FABRICS, INC., Respondent. (Proceeding No. 1.) In the Matter of the Arbitration between MANNING FABRICS, INC., Respondent, and MATERIALS INTERNATIONAL, DIVISION OF SYNTHANE TAYLOR CORPORATION, Appellant. (Proceeding No. 2.) In the Matter of the Arbitration between CONCORD FABRICS, INC., Respondent, and MATERIALS INTERNATIONAL, DIVISION OF SYNTHANE TAYLOR CORPORATION, Appellant. (Proceeding No. 3.) In the Matter of the Arbitration between MATERIALS INTERNATIONAL, DIVISION OF SYNTHANE TAYLOR CORPORATION, Appellant, and COLEPORT TEXTILE CORP., Respondent. (Proceeding No. 4.) — Order, Supreme Court, New York County, entered May 20, 1974, insofar as it denied petitioner's motion to consolidate arbitrations, reversed, on the facts and the law, and motion granted with $60 costs and disbursements to appellant. Petitioner Materials International (Materials) bought 500,000 yards of certain fabrics from Manning Fabrics, Inc., (Manning). The fabrics were to be manufactured in Hong Kong. Materials sold 392,000 yards of these fabrics to Concord Fabrics, Inc., (Concord) and 108,000 yards to Coleport Textile Corp. (Coleport). In both instances Materials instructed Manning to make deliveries direct to its vendees. Manning delivered 340,000 yards to Concord and 75,000

yards to Coleport. All of the sales agreements contained similar arbitration provisions, and four demands for arbitration resulted: Materials against Manning, Manning against Materials, Concord against Materials, and Coleport against Materials. Materials sought to consolidate the proceedings. As regards the two arbitrations involving Materials and Manning, there is no dispute that these two should be consolidated. Concord and Coleport object on two grounds. It already appears that Manning's defense to the failure to deliver will be *force majeure*. While all three contracts contain *force majeure* clauses, the clause in the Manning-Materials contract is not identical with that in the other two contracts. Furthermore, Concord and Coleport claim that facts which would excuse nondelivery by a manufacturer under a *force majeure* clause would not excuse a dealer who might procure the goods elsewhere in the open market. Coleport further objects that Concord received a greater percentage of the goods contracted for than it did. The controversies involve the same merchandise and closely related transactions. It is well settled that arbitration proceedings between different parties may be consolidated (*Matter of Vigo S. S. Corp. [Marship Corp. of Monrovia]*, 26 N Y 2d 157; *Matter of Chariot Textiles Corp. [Wannalancit Textile Co.]*, 18 N Y 2d 793). The test is whether the issues are substantially the same and whether any substantial right is prejudiced. The difference in the *force majeure* clauses does not, in our opinion, constitute any substantial distinction of issue. Furthermore, we fail to see why arbitrators knowledgeable in the trade would fail to recognize any distinction or how any purpose would be served by submitting the issues to separate tribunals. Concur — Kupferman, Lupiano and Steuer, JJ.; Markewich, J. P., and Capozzoli, J., dissent in part in the following memorandum by Capozzoli, J.: We dissent only insofar as the majority would consolidate the Coleport-Concord arbitration proceedings with those involving Materials and Manning. Different contracts are involved, with differing provisions. It clearly appears that the language of the *force majeure* clause found in the contract between Materials and Manning is unlike the language of the *force majeure* provision in the contracts involving Coleport and Concord. The *force majeure* clause affecting the relations of Materials and Manning exculpates the seller from liability and provides a defense to a contract claim. On the other hand, there is no such provision in the contracts involving Coleport and Concord, but, on the contrary, the language used in those contracts leaves Materials open to a claim based upon improper rationing of available goods resulting in an allegedly unjustifiable deficiency of shipments. There is no claim that the contracts involving Coleport and Concord are in any way contingent upon Materials obtaining the goods from Manning and there is no valid reason for compelling Coleport and Concord to participate in hearings which must be held to determine the relative rights and obligations between Materials and Manning. Further, there is no claim that either Coleport or Concord had agreed to subordinate their rights under their contracts to the condition that Materials obtain the goods from Manning. It is also of interest to note that Concord claims that the goods involved in their contract with Materials are not the goods involved in the contract between Materials and Manning. Markewich, J. P. concurs.