Michael Ken ALVEY, Appellant,

v.

PIONEER OILFIELD SERVICES, INC., Appellee.

PIONEER OILFIELD SERVICES, INC., Cross-Appellant,

v.

Michael Ken ALVEY, Cross-Appellee.

Nos. 5689, 6004.

Supreme Court of Alaska.

July 30, 1982.

George W. Korte and Michael Crain, Korte, Crain, Pareute & Heisler, San Francisco, Cal., and Robert Griffin, Anchorage, for appellant/cross-appellee.

---

**5.** *Girves v. Kenai Peninsula Borough*, 536 P.2d 1221, 1227 (Alaska 1975); *Gilbert v. State*, 526 P.2d 1131, 1136 (Alaska 1974).

John W. Pletcher, III, Pletcher & Slaybaugh, Anchorage, for appellee/cross-appellant.

Before BURKE, C. J., and RABINOWITZ, CONNOR, MATTHEWS and COMPTON, JJ.

BURKE, Chief Justice.

This is an appeal and cross-appeal from a summary judgment entered in favor of Pioneer Oilfield Services, Inc. We affirm.

Michael Ken Alvey was employed by Loffland Brothers Company, a drilling contractor for Exxon Corporation. On January 5, 1978, Alvey and other Loffland employees were engaged in positioning an oil rig over certain holes on an Exxon drill site. The well covers had been removed to facilitate alignment. When the crew finished centering the rig, Alvey was instructed to retrieve the covers. Some 150 feet from the drilling pad was a cover which Mr. Alvey assumed was one of those he was to retrieve; in fact, the cover rested atop a survey hole measuring forty-three inches in diameter and forty feet in depth. Alvey picked up the cover, unaware that it protected a survey hole, and fell into the open well.

The cover was one of six that had been constructed by Pioneer Oilfield Services, Inc. at Exxon's request. An Exxon foreman had furnished Pioneer with a rough sketch and had asked that the covers be strong enough to be walked on and be made so that they could be located in the snow. Pioneer constructed the covers out of plywood. Each had a "two-by-four" sticking out of the top so that the location of the cover could be determined in the event of snowfall, and each had a similar board fastened to the bottom so that the cover would not blow off in the wind. The covers were delivered to Exxon and installed by Alaska General Construction Company. Pioneer had no other involvement with the drilling on the site.

Michael Alvey filed suit in August 1978 against Pioneer and others, seeking $10,000,000 in damages. The complaint alleges that Pioneer knew or should have known that Alvey was working in the area of the test hole and would have no knowledge of the opening, that Pioneer knew or should have known of the danger presented by the hole, and that it "failed to warn plaintiff of the danger, either personally or by other means." Pioneer was granted summary judgment in October 1980 pursuant to Civil Rule 56(b). Alvey now appeals to this court. Pioneer cross appeals on the issue of attorney's fees.

In deciding whether summary judgment was properly granted, we must determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment on the law applicable to the established facts. *State v. Jennings*, 555 P.2d 248, 250 (Alaska 1976); *Nizinski v. Golden Valley Electric Association, Inc.*, 509 P.2d 280, 283 (Alaska 1973); *Braund, Inc. v. White*, 486 P.2d 50, 53 (Alaska 1971). Inferences of fact are to be drawn in favor of the party opposing the motion. *Nizinski v. Golden Valley Electric Association, Inc.*, 509 P.2d 280, 283 (Alaska 1973); *Hall v. Motorists Insurance Corp.*, 109 Ariz. 334, 509 P.2d 604, 606 (Ariz.1973).

█ In order to overcome Pioneer's motion for summary judgment, Alvey must set forth specific facts showing (1) that Pioneer owed him a duty of care, (2) that Pioneer breached this duty, (3) that he was injured, and (4) that his injury was the proximate result of Pioneer's breach. *Larman v. Kodiak Electric Association*, 514 P.2d 1275, 1279 (Alaska 1973). Assuming, *arguendo*, that Pioneer breached a duty of care, Alvey has failed to set forth facts showing that such a breach proximately caused his injuries.

█ Alvey has not alleged facts to show that the design or construction of the cover was a proximate cause of his fall and resultant injuries. Proximate cause exists where the negligent act was, more likely than not, a substantial factor in bringing about the injury. *Sharp v. Fairbanks North Star Borough*, 569 P.2d 178, 181 (Alaska 1977). This is not demonstrated by the mere fact that the fall occurred in the course of Alvey's attempt to move the cov-

er. Indeed, Alvey stated that nothing in the design or construction of the cover caused his fall. Absent any showing that Alvey's injuries were the proximate result of Pioneer's allegedly negligent conduct, summary judgment was properly entered against Alvey.

Pioneer claims on its cross-appeal that the trial court's award of twenty percent of its costs and fees was inadequate and amounted to an abuse of discretion under Rule 82(a).[1] We disagree.

Rule 82(a) provides that "[s]hould no recovery be had, attorney's fees for the prevailing party may be fixed by the court as a part of the costs of the action, in its discretion, in a reasonable amount." The award and amount of costs and fees is committed to the broad discretion of the trial court and will not be disturbed on appeal absent a clear showing that the trial court's determination was arbitrary, capricious, or manifestly unreasonable, or that it stemmed from an improper motive. *Tobeluk v. Lind*, 589 P.2d 873, 878 (Alaska 1979). Despite the trial court's evident dissatisfaction with Rule 82(a), it appears from the record that the court's award was based on a careful and thorough consideration of the case law and the circumstances of the lawsuit and was, in its words, "a fair and equitable award." We affirm.

AFFIRMED.

---

1. Pioneer claims that the superior court's award "was apparently set at a very low rate to encourage this appeal" and to obtain thereby "better defined guidelines" for the determination of costs and fees.