MR. JUSTICE GULBRANDSON,
dissenting:
I respectfully dissent.
In my view, the defendant’s proposed instruction on “proximate cause” should have been given to the jury.
*178 The “substantial factor” test was clearly developed for the situation where two causes concur to bring about an event, and either one of them, operating alone, would have been sufficient to cause the identical result. That special situation obviously does not occur often and is not present in this case.
The majority appear to have adopted the rule as set forth in the Restatement (Second) of Torts, Sec. 431, but have ignored the requirements of Sections 430, 433, 433A and 434. Restatement (Second) of Torts, 1965 Edition.
Section 433, with comment (a) reads as follows:
“Consideration Important in Determining Whether Negligent Conduct is Substantial Factor in Producing Harm.
“The following considerations are in themselves or in combination with one another important in determining whether the actor’s conduct is a substantial factor in bringing about harm to another:
“(a) the number of other factors which contribute in producing the harm and the extent of the effect which they have in producing it;
“(b) whether the actor’s conduct has created a force or series of forces which are in continuous and active operation up to the time of the harm, or has created a situation harmless unless acted upon by other forces for which the actor is not responsible;
“(c) lapse of time.
“See Reporter’s Notes.
“Comment:
“a. The considerations stated in this Section are important in three particulars. First, they are important as considerations which the jury should take into account when the substantial factor question is left to them. Second, they are important to the trial judge in so framing this instruction as to call the jury’s attention to such of these considerations as are pertinent to the facts which the jury might reasonably infer from the evidence. Third, they are important to a court in determining whether upon the evidence there is room for a reasonable difference of opinion as to whether the defendant’s negligence is a substantial factor in bringing about the other’s harm.”
Court’s instruction No. 14, “A legal cause of an injury is a cause which is a substantial factor in bringing about the injury” was the only definitional instruction given the jury, and, in my opinion, is incomplete and inadequate.
*179 The case of Alvey v. Pioneer Oilfield Services (Alaska 1982), 648 P.2d 599, has been cited in the majority opinion as supporting authority for the “substantial factor” rule. That case cites Sharp v. Fairbanks North Star Borough (Alaska 1977), 569 P.2d 178, where the following is set forth on page 181:
“Among the elements adopted by this court as necessary to make out a claim for relief based on negligence is ‘[a] reasonable close causal connection between the conduct and the resulting injury . . . [proximate cause].’ More specifically, negligent conduct may properly be found to be a ‘legal cause’ of a plaintiff’s injury if the negligent act ‘was more likely than not a substantial factor in bringing about [the] injury.’ This test was further clarified in State v. Abbott, where we said:
“ ‘Normally, in order to satisfy the substantial factor test it must be shown both that the accident would not have happened “but for” the defendant’s negligence and that the negligent act was so important in bringing about the injury that reasonable men would regard it as a cause and attach responsibility to it.’ “
The citations to earlier Alaska cases indicate that the Supreme Court of Alaska has adopted the Restatement (Second) as set forth in Sections 430, 431, 432, 435 and others.
I would agree if this Court were to adopt Sections 430 through 435, Restatement (Second) of Torts, 1965 Edition, and would reverse and remand for a new trial with appropriate jury instructions.