WINFREE, Justice,
dissenting in part.
I respectfully disagree with the court's conclusion that the Cornelisons failed to adequately brief the superior court's dismissal of their defamation claim against TIG Insurance and Griffin & Smith based on "absolute privilege."
I start with the gerieral propos1t10n that the absolute litigation privilege applies only to statements that are pertinent to or have some relationship to the legal proceedings in which they are made.[1] The court itself makes *1284 it abundantly clear that one of the Corneli-sons' primary arguments against TIG and Griffin & Smith in the superior court was the illegitimacy of using Dr. Seres's Social Security fraud and drug diversion allegations in the workers' compensation proceeding.[2] Yet the superior court did not expressly address the Cornelisons' argument when it dismissed their defamation claims against TIG and Griffin & Smith, Although noting the general rule I have just stated, the sum and substance of the superior court's actual rulings-the former by summary judgment and the latter by judgment on the pleadings-was that because the alleged defamation took place within the workers' compensation proceeding the absolute privilege applied, One of two things must be true: Either the superior court failed to appreciate the threshold legal predicate to the application of the absolute litigation privilege or the superior court failed to expressly note it was concluding as a matter of law that Dr. Seres's statements about possible Social Security fraud and drug diversion were pertinent to and reasonably connected to the workers' compensaﬁon proceedings[3]
In the Cornelisons' brief to us, in a section heading including the words "defamation" and "libel," they argue that Griffin & Smith, on TIG's behalf: deliberately launched a personal attack .on Mr. Cornelison; despite knowing Dr, Seres's letter contained untrue allegations about Social Security fraud and drug diversion, filed it with the workers' compensation board; and later claimed it was not asserting Mr. Cornelison was committing Social Security fraud or 'drug diversion, but it did not ask to have the letter or allegations withdrawn., Given the Cornelisons' pro se status and our clear understanding of the arguments they were making to the superior court, this seems more than sufficient to raise the. legal question about application of that litigation privilege-did Dr. Seres's statements about possible Social Security fraud and drug diversion; which seem defamatory on their face, "have some relation to the proceeding" that provided Griffin & Smith and TIG absolute privilege protection when presenting those specific statements to the Board?
TIG understood the Cornelisons were challenging'the superior court's absolute privilege ruling, as a section of TIG's appellee's brief was devoted 'to that challenge. TIG argued that anything it submitted in the workers' compensation proceeding was absolutely privileged. Its fallback position was that any statements not absolutely privileged were not false or defamatory or did not cause quantifiable damages, issues the superior court never addressed, But TIG studiously ignored the Cornelisons' argument that the introduction into the workers' compensation proceedings of Dr. Seres's statements about Social Security fraud and drug diversion had no real pertinence or connection to those proceedings.
Griffin & Smith also understood the Cornelisons were challenging the superior court's ruling on absolute pnvﬂege, as a seetion of its appellee's brlef was devoted to that challenge. Griffin & Smith argued that Alaska follows the rule of absolute litigation privilege, that the Cornelisons' allegations of defamation arose from actions within a legal *1285 proceeding, and therefore it had been entitled to judgment on the pleadings.[4] But Griffin & Smith also studiously ignored the Cornelisons' argument that the introduction into the workers' compensation proceedings of Dr. Seres's statements about Social Seeu-rity fraud and drug diversion had no real pertinence or connection to those proceedings. - .
In my view the Cornelisons have fairly raised a question of law that this court should recognize, especially in light of their pro se status. We could resolve this matter ourselves .with an independent review of the record; "arguments by TIG and Griffin .& Smith would have been helpful, but they declined to make any. However the matter also seems intertwined with others being remanded to the superior court, such as the defamation claim against Dr. Seres and the statutory fraud claim against TIG and Griffin & Smith, I therefore would remand this issue to the superior court, along with those other issues, for its consideration in the first instance.

. See Lawson v. Helmer, 77 P.3d 724, 727-28 (Alaska 2003) (holding witness testimony absolutely privileged because it was "pertinent to the matter under inquiry" and "[in such instances an action for libel or slander will not lie even [if] *1284 the testimony is given maliciously and w1fh knowledge of its falsity" (quoting Nizinski v. Currington, 517 P.2d 754, 756 (Alaska 1974); Gilbert v. Sperbeck, 126 P.3d 1057, 1059 (Alaska 2005) (applying witness immunity to testimony by expert witnesses, "if pertinent to the matter under inquiry" (citing Nizinski, 517 P.2d at 756)); see also Nizinski, 517 P.2d at 756 (holding testimony by w1tnesses, including affidavits, is absolutely privileged if ' pertment to the proceedings in which it [is] tendered" or has "some reasonable reference or connection to the subject of inquiry"); Smith v. Banister, 9 Alaska 632, 635, 637 (D. Alaska 1939) (stating rule that defamatory words by witness in judicial proceeding are "absolutely privileged only when [they] are connected with or are relevant or material to the subject of inquiry" (emphasis added)); W. Pace Kzeton Er aL, Prosser amp Kertoxn on tur Law or Torts § 114, at 817 (5th ed. 1984) (stating American rule is "there is no immunity unless the particular statement is in some way 'relevant' or 'pertinent' to some issue in the case"); Restate mEnt (Second) or Torts §§ 586-88 (Am. Law Inst. 1977) (limiting absolute privilege of attorneys, parties, and witnesses to statements that have "some relation to the proceeding").

, Opinion at 1274-1275.

. . See Nizinski, 517 P.2d at 756 (stating that question of pertinence to proceeding is legal, not factual, issue).

.' It is unclear to me how the superior court resolved this claim by way of an Alaska 'Civil Rule 12(c) motion for judgment on the pleadings when by its own admission it was looking at facts outside the pleadings in making its ruling.