J. BRODIE & SON, INC. *v.* GEORGE A. FULLER COMPANY

1. ARBITRATION AND AWARD—AGREEMENT TO ARBITRATE.
   To compel arbitration between parties there must be an agreement between the principals to arbitrate (GCR 1963, 769.2).

2. ARBITRATION AND AWARD—SEPARATE CONTRACTS—CONSOLIDATION.
   Arbitration provisions in a contract between a building contractor and prospective owner, and arbitration provisions in a contract between the building contractor and subcontractor will be enforced, but the court will not order consolidation of arbitration between the building contractor, prospective owner and subcontractor unless the contracts provide that troubles be arbitrated together or as a single action.

3. ARBITRATION AND AWARD—ACTION—CONSOLIDATION.
   Contracting parties may elect to use the courts, or by written contract use arbitration; where arbitration proceedings are provided they are a substitute for court action and thus they are not subject to consolidation with other arbitration proceedings by court action (GCR 1963, 12, 101, 501.1).

4. ARBITRATION AND AWARD—SEPARATE CONTRACTS—PRIVITY—CONSOLIDATION—THIRD-PARTY PRACTICE.
   Provisions of a contract between a contractor and subcontractor that subcontractor shall have the opportunity to be present and submit evidence in any arbitration affecting his rights does not, on the basis of privity under third-party practice, allow intervention and consolidation of arbitration proceedings where there are separate and distinct contracts between a contractor and subcontractor and between subcontractor and prospective owner.

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 5 Am Jur 2d, Arbitration and Award § 11 *et seq.*
[4] 5 Am Jur 2d, Arbitration and Award § 113.
[5] 5 Am Jur 2d Arbitration and Award § 35 *et seq.*

5. Arbitration and Award—Agreement to Arbitrate—Privity of
   Contract—Jurisdiction.
   Absent an agreement to arbitrate or finding of privity of con-
   tract between plaintiff and defendants the jurisdiction of the
   court cannot be invoked to impose arbitration.

Appeal from Wayne, Benjamin D. Burdick, J.
Submitted Division 1 January 15, 1969, at Detroit.
(Docket Nos. 5,572, 5,579.)   Decided February 25,
1969.

Complaint by J. Brodie & Son, Inc., a Michigan
corporation, and 5 other Michigan corporations
against George A. Fuller Company, a New Jersey
corporation, and First Federal Savings and Loan
Association of Detroit to compel consolidation of
arbitration proceedings.   Judgment for plaintiffs.
Defendants appeal.   Reversed and remanded.

*Butzel, Eaman, Long, Gust & Kennedy* (*Leslie W.
Fleming,* of counsel), for plaintiffs.

*Clark, Klein, Winter, Parsons & Prewitt* (*David
M. Hayes,* of counsel), for defendant First Federal
Savings and Loan Association of Detroit.

*Dykema, Wheat, Spencer, Goodnow & Trigg*
(*Edward C. Hanpeter* and *Wilfred A. Steiner, Jr.,*
of counsel), for defendant George A. Fuller Com-
pany.

BEFORE: Fitzgerald, P. J., and R. B. Burns and
Bronson, JJ.

Bronson, J.   On or about May 3, 1963, defendants,
First Federal Savings and Loan Association of De-
troit ("First Federal") and George A. Fuller Com-
pany ("Fuller") entered into a contract covering the

major portion of work to be performed in the construction of the First Federal Building located at 1001 Woodward Avenue, Detroit, Michigan.   First Federal was the owner and Fuller was the general contractor.   Each plaintiff as a subcontractor entered into a separate subcontract with Fuller for portions of the work covered by the general contract.   The "General Conditions" set forth in the contract between Fuller and First Federal provided for arbitration of disputes under rules of the American Arbitration Association.   The subcontracts between the plaintiffs and Fuller also provided for arbitration of disputes.   On or about October 28, 1965, plaintiffs each filed demands for arbitration of claims asserted against Fuller which collectively totaled approximately $550,000.   On or about November 26, 1965, Fuller filed a claim against First Federal and a demand for arbitration in the amount of $1,835,143.69.   Thereafter, Fuller filed "An Outline of Additional Compensation Requested in Claim Dated November 26, 1965", showing, among other things, the following:

| | |
|---|---:|
| Total Fuller claim, | $1,206,220.88 |
| Total subcontractor's claim, | 486,959.22 |

Total Fuller and subcontractor's claim,
$1,693,180.10

On or about November 26, 1965, First Federal filed a demand for arbitration of its claim against Fuller in the total amount of $1,794,562.17, subsequently amended so as to be in the amount of $1,417,976.88.   The claims asserted by First Federal and the claims asserted by Fuller, including those asserted by Fuller based upon claims of the plaintiffs (subcontractors), arise in part out of the undisputed delay that occurred in the progress and completion of the project.   There is no privity of contract be-

tween the plaintiffs (subcontractors) and First Federal (owner).   Three arbitrators have been selected by Fuller and First Federal and they have consented to act.   The plaintiffs have stated their willingness to accept these arbitrators in their arbitration proceedings with Fuller.

On March 18, 1968, plaintiffs-appellees (subcontractors) filed a complaint and motion in the Wayne county circuit court praying that an order be entered requiring the consolidation of the arbitration proceedings between plaintiffs (subcontractors) and Fuller (general contractor) with the arbitration proceedings between Fuller and First Federal.   No other relief is requested.   The matter was presented to the trial court on pleadings, briefs and arguments of counsel.   The sole issue presented to the trial court was whether arbitration proceedings of the subcontractors with Fuller should be consolidated with the arbitration proceedings between Fuller and First Federal.   The trial judge said yes, and from that order of consolidation First Federal and Fuller appeal.

Under Michigan special proceedings, arbitrations are governed by GCR 1963, 769, which states in part:

".2 Proceedings to Compel or Stay Arbitration.

"(1) On application of a party showing an agreement to arbitrate which conforms to the arbitration statute, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, and to take such other steps essential to carry into effect the arbitration agreement and the arbitration statute, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party, otherwise the application shall be denied.

"(2) On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration."

To fall within the scope of GCR 1963, 769, there must be an agreement to arbitrate between the principals. In the present case we can find no such agreement between plaintiffs, and defendant First Federal.

While recognizing this lack of contractual agreement between plaintiffs and defendant First Federal, plaintiffs contend that consolidation does not affect such rights. Rather, plaintiffs feel that although there is no privity of contract there is a great degree of identity of issues involved in the dispute between Fuller and First Federal, and between plaintiffs and Fuller. They point out that the contract between Fuller and First Federal contemplates a third party and even provides for the presence of the subcontractor in any proceedings involving their rights. Plaintiffs correctly recognize that to disallow consolidation would, to a great degree, create a duplication of arbitration.

While recognizing that the proposed consolidation by the learned trial judge represents the more efficient solution, this Court must reverse.

According to 17 Am Jur 2d, § 242, the following rules are expressed:

"It is a fundamental principle that a court may not make a new contract for the parties or rewrite their contract under the guise of construction. * * * It must be construed and enforced according to the terms employed, and a court has no right to interpret the agreement as meaning something

different from what the parties intended as expressed by the language they saw fit to employ. * * *"

The plain intent of the parties in the instant case, as gathered from a reconstruction of the unambiguous language of these separate contracts, is clear. In case of trouble between Fuller and First Federal, the differences were to be submitted to arbitration. In the second contract, if contractual differences existed between Fuller and the subcontractors, these troubles were to be arbitrated.

This is the only logical construction of the terms of these contracts as written. Nowhere, in either contract, is there any indication that troubles are to be arbitrated together or as part of a single action. Here neither Fuller nor First Federal has consented to be joined in a combined arbitration of differences under the separate contracts.

According to CLS 1961, § 600.5001 (Stat Ann § 27A.5001), arbitration is a matter of contract:

"(2) A provision in a written contract to settle by arbitration under this chapter, a controversy thereafter arising between the parties to the contract, with relation thereto * * * . Such an agreement shall stand as a submission to arbitration of any controversy arising under said contract not expressly exempt from arbitration by the terms of the contract. * * *"

GCR 1963, 505.1, relevant to consolidation, provides:

"When actions involving a substantial and controlling common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

Applying the rationale behind GCR 505.1 to the present case would appear to avoid needless duplication, as the trial judge, in fact, so held. However, under GCR 1963, 505.1 there must have been "actions   *   *   *   pending". GCR 1963, 12 states: "There shall be 1 form of action to be known as a 'Civil Action.'" In this regard, GCR 1963, 101 provides that: "A civil action is commenced by filing a complaint with the court." Thus, it is clear that GCR 1963, 505.1 does not mean to include arbitration proceedings which are intended as a substitute for court action. Nor should this Court permit any bootstrap operation of plaintiffs to acquire the required court action.

Contracting parties can elect to use the courts, or by written contract use arbitration. Arbitration proceedings are intended as a substitute for court action.

The defendants in the present case recognized this principle and incorporated the following provision in the contract (§ 2.53A):[1]

"*   *   *   It is mutually agreed that the decision of the arbitrators *shall be a condition precedent* to any right of legal action that either party may have against the other." (Emphasis added.)

Third party practice (GCR 1963, 204), relied upon by the appellees, does not change the conclusion that the court has no jurisdiction to consolidate arbitra-

---

[1] Unlike the New York statute, in Michigan there can be no court interference until the process of arbitration has been completed or a party has refused to arbitrate as agreed. Then, and only then, is the action *pending before the court,* giving it jurisdiction to test the fairness of the award or the proceeding. *Chariot Textiles Corp.* v. *Wannalancit Textile Co.* (1964), 21 App Div 2d 762 (250 NYS2d 493), cited by the appellees, does not apply under Michigan law. The statutory definition of 'action' in New York (Civil Practice Law, § 105 and § 7502[a]) includes special proceedings such as arbitration which can be consolidated by the courts. There is no corresponding statute or court rule in Michigan which will allow such consolidation.

tions. These plaintiffs have negotiated their own contract with its separate obligations, duties and liabilities, and are bound by it. There is no privity with the entirely different contract of Fuller and First Federal which has different obligations and liabilities. Plaintiffs are not a party to the proceedings between First Federal and Fuller. There is no basis for intervention or consolidation where there are separate and distinct contracts with different burdens and subject matter, and where the parties and proceedings have no privity or basis in fact.

Provision 2.39A2(i) of the General Conditions provides that a subcontractor (plaintiff) shall have an opportunity to be present and to submit evidence in any arbitration involving his rights. Appellees contend that this clause supports third party practice and would allow the court to intervene and order consolidation of the arbitrations. Appellees' conclusion is in error. This clause may have been inserted to protect rights or to produce evidence, but it does not, when properly construed, mean that the contracts are related or dependent. The plain terms of the contract specify that if plaintiffs have trouble they can arbitrate with Fuller and if Fuller has difficulty it can arbitrate with First Federal. The clause in no way indicates that the plaintiffs can by-pass Fuller or even include it and arbitrate with First Federal, with whom they have no privity or common contractual ground.

No refusal to arbitrate, under GCR 1963, 769.2(1), *supra,* has been shown in this case. First Federal and Fuller have already selected three arbitrators and the parties have agreed to act as such. First Federal and Fuller do object, however, to the consolidation of the arbitration proceedings and this is understandable. All the parties admit that there

is no privity of contract or agreement to arbitrate between First Federal (owner) and plaintiffs (subcontractors). Therefore, there is no arbitration agreement between First Federal and the plaintiffs as required by the statute; and as stated in *Atkinson v. Sinclair Refining Co.* (1962), 370 US 238 (82 S Ct 1318, 8 L Ed 2d 462): "Arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."

The separate contracts (owner-general contractor, general contractor-subcontractor) each specifically call for arbitration. This arbitration is to be conducted under the rules of the American Arbitration Association. Since we find no privity of contract nor jurisdiction of the court to impose consolidation, we must reverse.

Reversed and remanded.

All concurred.