349 So.2d 491 (1977)
LOUISIANA STADIUM AND EXPOSITION DISTRICT
v.
HUBER, HUNT & NICHOLS, INC., et al.
No. 8878.
Court of Appeal of Louisiana, Fourth Circuit.
August 30, 1977.
*492 William J. Guste, Jr., Atty. Gen., Warren E. Mouledoux, First Asst. Atty. Gen., Robert E. Redmann, Asst. Atty. Gen., Jay H. Kern, Staff Atty., New Orleans, for relator.
Monroe & Lemann, Stephen B. Lemann, New Orleans, Dutton, Kappes & Overman, C. B. Dutton, Indianapolis, Ind., for Huber, Hunt & Nichols, Inc./Blout Brothers Corp., A Joint Venture, respondent.
Deutsch, Kerrigan & Stiles, Ralph L. Kaskell, Jr., Moise W. Dennery, New Orleans, Eugene S. Davis, St. Louis, Mo., Marcel J. Gueniot, Victor E. Stilwell, Jr., New Orleans, for Curtis and Davis Architects and Planners, Inc., Edward B. Silverstein and Associates, Inc., Nolan, Holcombe, Apatini and Seghurs and Sverdrup and Parcel and Associates, Inc., A Joint Venture, respondents.
Before STOULIG, SCHOTT and BEER, JJ.
STOULIG, Judge.
Relator seeks a writ of mandamus directing the Civil District Court for the Parish of Orleans to order the American Arbitration Association (AAA) to consolidate two pending claims by the Louisiana Stadium and Exposition District (LSED) under separate contracts it executed in conjunction with construction of the Superdome in New Orleans.
By letter dated April 13, 1977, LSED, the owner, advised AAA of separate demands against the architects and the contractors, enclosed copies of each demand and requested consolidation of both hearings.[1] In both demands, the 50 complaints, couched in "and/or" language, are almost identical except in two instances.
When its request for consolidation was denied by AAA, relator filed a motion in the trial court seeking an order to compel consolidation under the Louisiana Arbitration statutes (R.S. 9:4201 et seq.). On the denial of its motion to consolidate, relator applied to this court for relief under our supervisory jurisdiction. The sole issue under consideration is relator's right to have the two pending arbitrable claims consolidated. The merits of these claims are not involved.
LSED entered separate contracts with the architects and the contractors, each of which provided for arbitration of disputes under the Construction Industry Arbitration Rules of AAA. Neither contract requires consolidation of arbitration demands nor do the arbitration rules address the consolidation issue.
LSED now asks this court to exercise its supervisory jurisdiction it asserts is vested by the Louisiana Arbitration Law to force consolidation under a fair play/judicial economy theory.
The issue is res nova in Louisiana. The litigants have cited to us decisions from other jurisdictions that have reached divergent results in similar cases. The courts ordering consolidation of necessity either viewed the silence quoad consolidation as an implied consent to join multiple claims or imposed its supervisory jurisdiction in the name of judicial economy. While there is logic to an order that requires all complaints emanating from the same project to be heard at one time before the same forum, we are more impressed with the decisions[2] that decline jurisdiction to interfere with the arbitration process on this level. *493 Such intervention by the court, as a matter of substance, would have the effect of rewriting certain provisions of the contract between the parties and, as a matter of procedure, would tend to impede rather than expedite the adjudicatory process by arbitration were the courts to accept supervisory jurisdiction at every level of the administrative hearing.
Parenthetically we note one of the subscribing members of the American Arbitration Associationthe American Institute of Architectsrepudiated the compulsory consolidation result by changing the arbitration clause in its standard contract to provide for consolidation only where the parties had consented, either by contract or subsequent stipulation.
LSED submits consolidation is necessary to insure a just result because, it argues, if separate panels hear each claim it "could be seriously aggrieved by inconsistent findings" which would unjustly absolve one or both of the respondents from responsibility, thereby depriving the owner of redress. This position fallaciously presupposes that the LSED must collect from either one or both when the State's right to recovery has not been conceded by either. We do not agree separate hearings would necessarily lead to an unjust result to the LSED and find no merit in this contention.
LSED further maintains separate hearings will greatly increase its cost to litigate because of duplicate expert witnesses, legal expense, filing costs, etc. The fact that it is more costly to litigate two separate demands in different forums is not a basis for rewriting a contract. As the trial judge noted, if the cases were to be consolidated it is probable that the cost of litigating to the contractors and the architects would be significantly increased.
Accordingly, our writ of certiorari is recalled and the application for supervisory relief is now denied.
WRIT RECALLED; APPLICATION DENIED.
BEER, J., dissents with written reasons.
BEER, Judge, dissenting.
The logic and economy of requiring both sets of complaints emanating from the same project to be heard at one time before the same forum versus a reluctance to interfere with the arbitration process, absent a specific agreement to consolidate:
On a res nova call that is this close, I believe that we should acknowledge the extraordinary interrelationship clearly existent between owner, architect and contractor throughout the construction of this most unique facility. That factor, in my view, tips the scale in favor of consolidation.
I respectfully dissent.
NOTES
[1] Relator's claim for $6,000,000 each from the architects and the contractors bears AAA docket Nos. 71 10 0036 77 and 71 10 0037 77 respectively.
[2] See Consol. Pac. Eng. v. Greater Anchorage, Etc., 563 P.2d 252 (Alaska 1977); Stop & Shop Companies, Inc. v. Gilbane Building Co., 304 N.E.2d 429 (Mass. 1973); J. Brodie & Son, Inc. v. George A. Fuller Company, 16 Mich.App. 137, 167 N.W.2d 886 (1969).