BAY COUNTY BUILDING AUTHORITY v SPENCE BROTHERS

Docket No. 71340. Submitted March 13, 1984, at Lansing.—Decided October 4, 1984.

Plaintiffs, the Bay County Building Authority and Bay County, brought an action alleging breach of contract and negligence against Spence Brothers, a general contractor, Douglas C. Morris and Associates and Wigen, Tincknell & Associates, Inc., architects, and Belden Brick Company, a supplier, concerning the construction of a county building. The county and the building authority had entered into separate contracts with the defendants, with each contract containing a clause providing for the arbitration of all disputes relating to the contracts. The Bay Circuit Court, William J. Caprathe, J., ordered defendants Spence, Morris and Wigen to arbitrate the dispute. Plaintiffs filed a single demand for arbitration, and defendants Morris and Wigen filed motions in the circuit court for orders restraining the plaintiffs from proceeding with a consolidated arbitration and for a stay of arbitration proceedings. The trial court denied the motions, holding that the arbitration proceedings should be consolidated. Defendants Spence, Morris and Wigen appealed by delayed leave granted. *Held:*

1. The trial court did not err by denying defendants' earlier motions for accelerated judgment or dismissal.

2. The court erred by ordering the consolidated arbitration. The question of the propriety of consolidation is a procedural one which is to be decided by the arbitrators, not the court.

Reversed and remanded.

SHEPHERD, P.J., concurred in the result, and urged that parties involved in multiparty construction contracts should not consent to arbitration unless there is a provision for consolidated arbitration in order to avoid the multiplicity of proceedings required under the present rules.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 5 Am Jur 2d, Arbitration and Award § 110.
[2] 1 Am Jur 2d, Actions § 161.
   5 Am Jur 2d, Arbitration and Award § 11.
   State court's power to consolidate arbitration proceedings. 64 ALR3d 528.

1. ARBITRATION — PROCEDURAL QUESTIONS.

> Procedural matters arising out of a dispute in which the substantive issues are a proper subject of arbitration are for the arbitrator, not the courts, to decide.

2. ARBITRATION — CONSOLIDATED ARBITRATION — COURTS.

> A court has no authority to order a consolidation of arbitration between several parties where, although the substantive issues arise from the same set of facts, some of the parties have not agreed to arbitrate any dispute which may arise between them.

*Miller, Canfield, Paddock & Stone* (by *Gordon A. Becker* and *Marjory G. Basile*), for plaintiffs.

*Skinner & Gustafson* (by *Mark A. Kolka*), for Douglas C. Morris Associates Architects, Inc.

*Picard, Hoffman, Martin & DeWitt* (by *John A. Picard*), for Wigen, Tincknell & Associates, Inc.

*Chaklos, Jungerheld & Della Santina* (by *Robert G. Chaklos*), for Spence Brothers.

Before: SHEPHERD, P.J., and ALLEN and A. E. KEYES,* JJ.

PER CURIAM. Defendants appeal by leave granted from a circuit court order denying their motions for a stay of a consolidated arbitration proceeding and orders for separate arbitrations.

Plaintiff Bay County entered into a contract with defendants Douglas C. Morris and Associates and Wigen, Tincknell & Associates, Inc., for professional architectural services. Bay County assigned the contract to plaintiff Bay County Building Authority on or about July 13, 1976. On July 16, 1976, the building authority and defendant Spence Brothers entered into an agreement for Spence to construct the Bay County Law Enforcement Cen-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ter. Each of the contracts contained clauses which provided for the arbitration of all claims, disputes and other matters relating to the contracts.

On February 20, 1981, plaintiffs filed a complaint in circuit court alleging breach of contract and negligence against Spence, Wigen and Morris. Wigen and Morris filed motions for accelerated judgment, asserting that the court lacked jurisdiction over them because arbitration was the parties' exclusive remedy pursuant to their contracts.

The court stated that it considered the motions for accelerated judgment to be the equivalent of an "application claiming an agreement to arbitrate" and/or a motion to compel arbitration under GCR 1963, 769.2(1) and (3). The court ordered defendants Wigen, Morris and Spence to arbitrate the dispute and stayed proceedings in the circuit court.

Defendant Morris moved for reconsideration and clarification of the court's opinion on October 29, 1982. At the hearing on the matter, defendants expressed their concern that plaintiff would move for consolidation of the arbitration proceedings so that those proceedings would involve all of the parties even though there was no contract and no agreement to arbitrate between the architects and the contractor. The judge appeared to hold that his prior order did not require a consolidated arbitration and denied the motion.

On February 18, 1983, plaintiffs filed a single demand for arbitration with the American Arbitration Association (AAA), naming both the architects and the contractor as parties. Defendants Morris and Wigen filed objections to the consolidated proceedings. While AAA acknowledged the objections it notified defendants that it must abide by the court's order which included Spence Brothers as a party to the arbitration.

Defendants Morris and Wigen moved in the trial court for a stay of the consolidated arbitration and an order for separate arbitrations. At the hearing on the motions, the trial court stated that the arbitration should be consolidated to avoid duplication of effort and to promote an expeditious solution to the dispute. The court denied the motions for an order restraining plaintiffs from proceeding with a consolidated arbitration proceeding and denied the motions for a stay of consolidated arbitration proceedings pending an appeal to this Court. On or about May 18, 1983, the AAA acknowledged receipt of the court's April 29, 1983, order and continued with the administration of the case. Defendants sought to appeal from the April 29, 1983, order by filing an emergency application for delayed leave to appeal, which this Court granted.

The first issue raised by defendants has no merit. Defendants claim that the trial judge erred by denying their motions for accelerated judgment or dismissal. The trial judge acted properly. See GCR 1963, 769.

The central dispute on appeal is the propriety of the trial court's consolidation of the arbitration proceedings. The court stated that it was "ludicrous" for:

"the position to be advocated that the plaintiff in this case and the bureau of arbitration—or, the panel of arbitration—should have to take a common issue, which is the—this building, which is claimed to have been not properly put together and decide it once on the—between the contractor—between the plaintiff and the builder, the contractor, the general contractor, and then do the whole thing all over again, the same evidence in many many respects duplicated before another set of arbitrators, or even the same set of arbitrators, but to have to duplicate all that ev—evidence and

testimony again on a case with one of the suppliers that was used by that contractor would seem to not be a result that if a court that had jurisdiction, the court would be able to stand by and be part of as far as separating it and making two proceedings out of it. I don't think that that would be a proper way to administer justice, especially in view of the court rule, 505.1 * * * But it's the court rule that allows consolidation of matters in order to save time and money, and to assist in the administration of justice."

We find that the trial court erred by consolidating the instant arbitration proceedings.

This Court's decision in *J Brodie & Son, Inc v George A Fuller Co,* 16 Mich App 137; 167 NW2d 886 (1969), is dispositive. In *Brodie,* this Court held that the circuit court erred by ordering the consolidation of arbitration proceeding arising out of disputes on a construction project. One proceeding was between the owner (First Federal) and the general contractor (Fuller); the other was between Fuller and six of its subcontractors (plaintiffs). This Court stated:

"These plaintiffs have negotiated their own contract with its separate obligations, duties and liabilities, and are bound by it. There is no privity with the entirely different contract of Fuller and First Federal which has different obligations and liabilities. Plaintiffs are not a party to the proceedings between First Federal and Fuller. There is no basis for intervention or consolidation where there are separate and distinct contracts with different burdens and subject matter, and where the parties and proceedings have no privity or basis in fact." *Brodie, supra,* p 144.

In a case involving facts similar to those under our consideration, the Washington Supreme Court stated:

"The trial court found (1) that these multiple disputes

involve like issues of fact and law, and (2) that consolidation would prevent a multiplicity of proceedings, avoid possible inconsistent decisions, provide convenience for witnesses, and reduce time and expense to the parties.

"It is likely that the above circumstances found by the trial court would make consolidated arbitration proceedings more economical and efficient. That, however, is not the question. The inquiry rather is whether the court had such authority. We hold that it did not.

"Our rationale for denying authority to order consolidation is that arbitration stems from a contractual, consensual relationship. * * *

"* * * The court should not meddle with [the parties'] contractual provisions even though we might fashion a more expedient, efficient and economical remedy. '[A] person can be compelled to arbitrate a dispute only * * * in the manner in which, he has agreed so to do.' * * *

* * *

"We are impressed with the analysis of the Alaska Supreme Court in *Consolidated Pac Eng'r, Inc v Greater Anchorage Area Borough,* 563 P2d 252 (Alaska 1977). That case denied consolidation. The court pointed out that the contracts before it were silent on consolidation, as they are here. Further, the arbitration, as here, was to be in accordance with the rules of the American Arbitration Association. The court noted at page 255 that

" 'the courts may not alter the arbitration terms the parties have inserted in their contract. Here, nothing is said in the contract with reference to consolidation. The court is thus confronted with a question of contract interpretation. In interpreting the contract, we look to the reasonable expectations of the parties * * *.

" 'It appears that the Arbitration Association has had a long-established policy of not approving consolidation without the written consent of all parties. We believe that one entering into a contract such as the one at issue here would reasonably expect that consolidation could only take place with such written consents. * * * If the parties wish to provide for the possibility of

consolidated arbitration in their contracts, the courts will, of course, give effect to their decision. If the parties to separate contracts all consented to consolidated arbitration, the arbitral award would be subject to judicial confirmation and enforcement. But however sound they may consider consolidated arbitration to be as a matter of policy, courts are not empowered to direct parties to undertake it when one of them objects." (Footnotes omitted in original.) (Citations omitted.) *Balfour, Guthrie & Co, Ltd v Commercial Metals Co,* 93 Wash 2d 199, 201-203; 607 P2d 856 (1980).

The question of consolidation of actions is a procedural one. *Moss v Associated Transport, Inc,* 344 F2d 23, 26-27 (CA 6, 1965). Where substantive issues of a dispute are a proper subject for arbitration (an issue on which there is no dispute in this case), procedural matters arising out of the dispute are for the arbitrator and not the courts to determine. *Local 12934 of International Union, District 50, United Mine Workers of America v Dow Corning Corp,* 459 F2d 221 (CA 6, 1972). Agreements to arbitrate through AAA incorporate AAA's procedural policies. Although defendants have made a persuasive record showing that AAA's policies will not allow consolidation in the present case, the contracts of the parties preclude this Court from deciding ths question. The question is for the arbitrators. The trial judge should have granted defendants relief on their motions for separate arbitrations.

Reversed and remanded for proceedings consistent with this opinion.

Shepherd, P.J. *(concurring).* I concur in the result for the reasons stated in the opinion of the Court. This case is an example of why persons involved in multiparty construction contracts should not consent to arbitration unless the arbitration agreement allows the arbitrators or a court to order consolidation. Most of the evidence in this

case will have to be submitted twice before separate arbitrators who would be perfectly capable of segregating the issues if the facts could be presented at one hearing. Defendants have devoted much of their brief to the proposition that the contractor and the architect did not agree to have any dispute which might exist between them submitted to arbitration. This is correct and even in a consolidated arbitration the arbitrators would not be able to dispose of any such issues. The arbitrators would only be able to rule on the liability of the contractor and the architect to the plaintiffs. The annotation at 64 ALR3d 528 states at 531:

"* * * [I]n one case in which the appellate court refused to order multiparty arbitration involving a building owner, a contractor, and an architect, in the absence of an agreement for multiparty arbitration, the court emphasized that it did not intend to deny the propriety of multiparty arbitration by consent, and added that if multiparty arbitration is to become a standard procedure, arbitration clauses and the rules and procedures of the American Arbitration Association and other concerned organizations should be redrawn to provide for it."

As a result of the courts' lack of authority to order consolidation, these disputes will now be submitted to two separate hearings, each of which could become protracted over a long period, and each of which will involve essentially the same evidence. If these disputes had been the subject of litigation, a court would have had the discretion to order consolidation for judicial economy. Instead, there will be no economy of any kind and the whole purpose of arbitration has been defeated. Taxpayer funds will be unnecessarily expended in the hearing of two matters before arbitrators and for this reason we may very well find municipalities refusing to enter into arbitration agreements unless consolidation is agreed to in the contract.