*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CAITLIN CLANCY and MICHAEL HEDGE,

      Plaintiffs-Appellees,

v

ENTERTAINMENT MANAGERS, LLC, doing
business as THE ENTERTAINMENT DISTRICT,

      Defendant-Appellant.

UNPUBLISHED
February 2, 2023

No. 357990
Kalamazoo Circuit Court
LC No. 2020-000308-CK

Before: RIORDAN, P.J., and MARKEY and REDFORD, JJ.

PER CURIAM.

Defendant, Entertainment Managers, LLC, doing business as The Entertainment District, appeals of right the trial court's order confirming an arbitration award in favor of plaintiffs, Caitlin Clancy and Michael Hedge, denying defendant's motion to vacate the award, and entering judgment in favor of plaintiffs for $78,273.13. For the reasons stated herein, we affirm all aspects of the trial court's order confirming the arbitration award, denying defendant's motion to vacate the award, and the trial court's award of attorney fees and costs.

## I. RELEVANT FACTS AND PROCEEDINGS

Plaintiffs contracted with defendant to provide venue rental and catering services for their May 16, 2020 wedding and reception. They paid $30,473.13 in advance. The parties' contract provided that defendant reserved the right to cancel the agreement if it could not produce the event because of various things beyond its control including governmental actions, but in "the event of cancellation for the above reason, a full refund of money paid will be paid within 14 days." The parties' contract also contained an arbitration clause that provided:

> All claims and disputes arising under or relating to this Agreement are to be settled by binding arbitration in the state of Michigan and or another location mutually agreeable to the parties. The arbitration shall be conducted on a confidential basis pursuant to the Commercial Arbitration Rules of the American Arbitration Association. Any decision or award as a result of any such arbitration proceeding shall be in writing and shall provide an explanation for all conclusions

-1-

of law and fact and shall include the assessment of costs, expenses, and reasonable attorneys' fees. Any such arbitration shall be conducted by an arbitrator experienced in current matters and shall include a written record of the arbitration hearing. The parties reserve the right to object to any individual who shall be employed by or affiliated with a competing organization or entity. An award of arbitration may be confirmed in a court of competent jurisdiction.

When defendant could not host plaintiffs' wedding and reception events because of the government's COVID-19 shutdown orders, defendant gave plaintiffs the option to reschedule their events, with full credit of the amount paid, to a nonpeak date sometime within the next 24 months. Plaintiffs rejected the offer and sought a full refund. Defendant refused and notified them that it expected them to commence an arbitration proceeding. Plaintiffs filed a demand for arbitration with the American Arbitration Association (AAA). Defendant then refused to arbitrate with the AAA. That prompted plaintiffs to file a complaint in the trial court to compel arbitration and they raised several claims for damages. Defendant responded with a motion for summary disposition under MCR 2.116(C)(7) (claim barred by agreement to arbitrate) and MCR 3.602(B)(2) (authorizing the trial court to order parties to proceed with arbitration), and requested an order dismissing the case and compelling plaintiffs to submit their claim to arbitration as provided by the parties' contract. Plaintiffs, therefore, filed a second demand for arbitration in October 2020, in which they asserted claims for breach of contract, statutory and common-law conversion, and requested a full refund and an award of treble damages. The trial court stayed the circuit court action to allow completion of the arbitration but retained jurisdiction.

AAA administered the arbitration under expedited proceedings pursuant to its commercial arbitration rules (CAR). The arbitration hearing took place on February 24, 2021. Despite having attorney representation related to the parties' dispute in the initial proceedings in this matter; Ryan Reedy, defendant's principal member, appeared pro se and represented defendant for much of the arbitration. The arbitrator found that defendant breached the parties' contract but had not converted the funds. The arbitrator entered an award on March 26, 2021, in favor of plaintiffs finding them entitled to a full refund from defendant in the amount of $30,473.13. As provided by the parties' contract, the arbitrator assessed against defendant the costs, expenses, and attorney fees that plaintiffs incurred in relation to that arbitration proceeding. The arbitrator concluded that it did not have authority to consider or award attorney fees and costs related to the previously dismissed arbitration proceeding or the circuit court case and declined to do so. The arbitrator found $300 a reasonable hourly rate for plaintiffs' counsel in light of his skills, expertise, and years practicing in the area. Although plaintiffs' counsel's invoices indicated that plaintiffs incurred costs and fees of around $40,000 in relation to the dispute, the arbitrator limited the number of hours to those spent in relation to the arbitration proceeding and found $18,115 the reasonable attorney fee. The arbitrator also assessed against defendant $3,025 in administrative fees and compensation for the arbitrator. The arbitration award ordered defendant to pay plaintiffs a total of $51,613.13 by April 15, 2021.

When defendant failed to pay the arbitration award as ordered, plaintiffs moved in the trial court for confirmation of the arbitration award. The trial court entered an order confirming the arbitration award and granted plaintiffs a judgment in the amount of $51,613.13. Later, plaintiffs filed a bill of fees and costs totaling $19,460 for the legal expenses that plaintiffs incurred in their first attempt at arbitration plus the proceedings in the trial court.

Defendant moved to vacate the arbitration award on the ground that the arbitrator exceeded her authority by, among other things, administering the arbitration under expedited procedures, awarding attorney fees to plaintiffs without disclosing plaintiffs' invoices to defendant, and allegedly disallowing an official record of the arbitration hearing. Defendant objected to plaintiffs' bill of fees and costs on the ground that, except for the fees allowed under MCL 691.1705 for plaintiffs' motion to confirm the arbitration award, no statutory or contractual basis supported the fees and costs requested. Plaintiffs opposed the motion on the ground that arbitrating on the expedited track was appropriate because plaintiffs sought less than $75,000. They also contended that the arbitrator's decision to review plaintiffs' invoices confidentially *in camera* did not violate the arbitration rules or the general legal privilege principles and appropriately limited access to confidential information in light of defendant's previous social media postings.[1] Plaintiffs also pointed out that defendant had the opportunity to challenge plaintiffs' request for attorney fees at the arbitration hearing. Further, plaintiffs argued that defendant initially waived a written record and then failed to follow the requirements for obtaining a court reporter.

After oral argument, the trial court ruled from the bench, denying defendant's motion to vacate and it awarded plaintiffs the full amount of their attorney fees and costs. As to defendant's motion to vacate, the trial court observed that the amount in controversy had to be based on facts established under the contract, not on what might be awarded, and concluded that the arbitrator correctly determined that the amount in controversy was less than $75,000. Accordingly, the court ruled that the arbitrator did not exceed her authority by keeping the matter on the expedited track. Regarding the assessment of attorney fees without defendant having seen the billing invoices, the trial court ruled that the arbitrator had the authority to adopt a process that would prevent the matter from being broadcast on social media, that the arbitrator did not exceed her authority by considering and ultimately ruling on the request for attorney fees, and that defendant had the opportunity to raise arguments against an award of attorney fees during the arbitration hearing. The trial court also rejected defendant's argument that the arbitrator's decision regarding the production of an official record of the hearing exceeded her authority or violated the parties' arbitration provision. The court indicated that Reedy should have arranged for the production of a record but failed to do so because of his lack of knowledge and experience.

Turning to plaintiffs' bill of fees and costs, plaintiffs' attorney argued that the initial filing of a demand for arbitration through the present hearing constituted a single proceeding subject to the fee provision in the contract's arbitration provision. Plaintiffs contended that defendant's refusal to arbitrate and gamesmanship required plaintiffs to file a complaint before defendant would agree to arbitrate, and then they had to file a motion to confirm the award to get defendant to honor the arbitration award. Plaintiffs asserted that, because defendant's conduct necessitated the court action, the parties' arbitration agreement authorized the requested fees and costs. Plaintiffs also argued that MCL 691.1705 further authorized awarding them their reasonable costs and attorney fees.

---

[1] According to plaintiffs, defendant impermissibly uploaded onto YouTube videos of proceedings, communicated with vendors about plaintiffs' case, and posted information meant to be private to the JustAnswer website.

Defendant argued that the availability of attorney fees varied with the different stages of the proceeding and according to the parties' agreement. Defendant contended that any fees and costs related to the first attempt at arbitration had to be awarded by the arbitrator, and the availability of fees for that phase of the dispute ended when the arbitrator declined to award them. Defendant argued further that no legal or contractual basis existed for awarding attorney fees for that part of the proceeding initiated by plaintiffs' complaint for breach of contract and conversion. Defendant asserted that, under MCL 691.1705, attorney fees and costs could only be awarded respecting plaintiffs' motion to confirm the arbitration award and nothing else.

The trial court explained that it decided to award attorney fees for plaintiffs' first attempt at arbitration because of defendant's refusal to arbitrate with AAA. As to the attorney fees that plaintiffs incurred by filing their complaint for breach of contract, the court stated that it would be an unreasonable interpretation of the parties' agreement to ignore the legal expense that plaintiffs were forced to incur because of defendant's recalcitrance and outright refusal to arbitrate which necessitated plaintiffs' action in the trial court. The court declined to read the parties' contract arbitration provision narrowly as advocated by defendant because the attorney fee provision when read in the context of the entire provision permitted the award of attorney fees and costs for any attempt to enforce the arbitration provision. The court concluded that plaintiffs could seek attorney fees for all of the actions they took to get the dispute to an ultimate conclusion. The court explained that, to rule otherwise, would reward one party for delaying and obfuscating the process, "such that obtaining the arbitration award becomes the first of many hurdles to ultimately getting whatever damage claims are existent." Consistent with its ruling from the bench, the trial court entered an order affirming plaintiffs' arbitration award, denying defendant's motion to vacate the award, and entering a judgment against defendant and in favor of plaintiffs for $78,273.13. This appeal followed.[2]

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to enforce, vacate, or modify an arbitration award. *Nordlund & Assoc, Inc v Hesperia*, 288 Mich App 222, 226; 792 NW2d 59 (2010). We review a trial court's decision to award attorney fees for an abuse of discretion, the court's findings of fact underlying the award of attorney fees for clear error, and questions of law de novo. *In re Temple Marital Trust*, 278 Mich App 122, 128; 748 NW2d 265 (2008). The proper interpretation of a contract is an issue of law that we review de novo. *Lueck v Lueck*, 328 Mich App 399, 404; 937 NW2d 729 (2019). An error of law by the trial court necessarily constitutes an abuse of discretion. *Pirgu v United Servs Auto Ass'n*, 499 Mich 269, 274; 884 NW2d 257 (2016).

## III. ANALYSIS

Defendant argues that the trial court erred by not vacating the arbitration award. We disagree.

---

[2] The proceedings in the trial court related to collecting the judgment are not the subject of this appeal.

"Judicial review of arbitration awards is usually extremely limited . . . ." *Washington v Washington*, 283 Mich App 667, 671; 770 NW2d 908 (2009) (citation omitted). A trial court "may not review the arbitrator's factual findings or decision on the merits." *TSP Servs, Inc v National-Standard, LLC*, 329 Mich App 615, 620; 944 NW2d 148 (2019) (quotation marks and citation omitted). "[A] court may only review an arbitrator's decision for errors of law." *Id*. If it appears from the face of the award that the arbitrator made an error of law and that, "but for that error, a substantially different award must have been made, the award and decision will be set aside." *Id*. (quotation marks and citation omitted). A court may not substitute its judgment for that of the arbitrator. *Gordon Sel-Way, Inc v Spence Bros, Inc*, 438 Mich 488, 497; 475 NW2d 704 (1991).

Judicial review generally does not extend to procedural matters that arise during an arbitration. See, e.g., *Bay Co v Bldg Auth v Spence Bros*, 140 Mich App 182, 188; 362 NW2d 739 (1984) (holding that procedural matters arising out of the parties' dispute is for the arbitrator to decide, not the courts). "Because arbitrators are comparatively more expert about the meaning of their own rules, arbitrators, and not the courts, should resolve procedural matters." *Fette v Peters Const Co*, 310 Mich App 535, 546; 871 NW2d 877 (2015) (quotation marks, alteration, and citations omitted). "Furthermore, error, if any, must be evident from the face of the award and so material or so substantial as to have governed the award, and but for which the award would have been substantially otherwise." *Gordon Sel-Way, Inc*, 438 Mich at 497 (quotation marks and citation omitted).

Vacating an arbitration award is governed by MCL 691.1703, which states, in relevant part:

> (1) On motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if any of the following apply:
>
> (a) The award was procured by corruption, fraud, or other undue means.
>
> (b) There was any of the following:
>
> (*i*) Evident partiality by an arbitrator appointed as a neutral arbitrator.
>
> (*ii*) Corruption by an arbitrator.
>
> (*iii*) Misconduct by an arbitrator prejudicing the rights of a party to the arbitration proceeding.
>
> (c) An arbitrator refused to postpone the hearing upon showing of sufficient cause for postponement, refused to consider evidence material to the controversy, or otherwise conducted the hearing contrary to [MCL 691.1695], so as to prejudice substantially the rights of a party to the arbitration proceeding.
>
> (d) An arbitrator exceeded the arbitrator's powers.
>
> (e) There was no agreement to arbitrate, unless the person participated in the arbitration proceeding without raising the objection under [MCL 691.1695(3)] not later than the beginning of the arbitration hearing.

(f)  The arbitration was conducted without proper notice of the initiation of an arbitration as required in [MCL 691.1689] so as to prejudice substantially the rights of a party to the arbitration proceeding.

Similarly, MCR 3.602(J)(2) provides for vacating an arbitration award when the following conditions are met:

(a) the award was procured by corruption, fraud, or other undue means;

(b) there was evident partiality by an arbitrator appointed as a neutral, corruption of an arbitrator, or misconduct prejudicing a party's rights;

(c) the arbitrator exceeded his or her powers; or

(d) the arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise conducted the hearing to prejudice substantially a party's rights.

Arbitrators exceed their powers "whenever they act beyond the material terms of the contract from which they primarily draw their authority, or in contravention of controlling principles of law." *Detroit Auto Inter-Ins Exch v Gavin*, 416 Mich 407, 434; 331 NW2d 418 (1982).

Defendant first argues that the arbitrator exceeded her authority by administering the arbitration under expedited proceedings when the amount of plaintiffs' claim exceeded $75,000 and defendant did not agree to expedited proceedings.  Defendant claims that the trial court erred by denying its motion to vacate the award under MCL 691.1703(d) and MCR 3.602(J)(2)(c). Defendant has not explained how it was prejudiced by the use of expedited procedures such that the arbitration award would have been "substantially otherwise" had the arbitration been conducted differently.  See *Gordon Sel-Way, Inc*, 438 Mich at 497.  Defendant asserts in its appeal brief that it suffered prejudice because it "did not agree to give up the rights attached to the regular track, such as discovery, a larger list of arbitrators, and mediation" and that the use of regular track procedures "would have produced a substantially different outcome."  Defendant, however, fails to establish what discoverable evidence would have resulted in a substantially different outcome, particularly where the evidence established that plaintiffs contracted and paid for services that defendant cancelled and then defendant refused to refund their money as required under the contract.  Nor has defendant explained what difference a "larger list of arbitrators" would have made.  As to mediation, the AAA provided the parties with the opportunity to mediate their dispute, but no record evidence indicates that either side sought mediation.  Having failed to show how regular arbitration procedures would have resulted in a substantially different outcome, defendant's argument fails.  See *id*.

Defendant next argues that the trial court should have vacated the arbitration award because the arbitrator exceeded her authority and acted contrary to law when she awarded attorney fees to plaintiffs based on invoices that were not disclosed to defendant.  We find no error under the particular circumstance of the matter before the court.  Defendant has not demonstrated that the arbitrator committed any procedural or legal error by not releasing the invoices to defendant nor established that the arbitrator's decision *substantially* prejudiced defendant's rights, or that, but for defendant's lack of opportunity to view plaintiffs' attorney invoices, "a substantially different

award must have been made," *TSP Servs, Inc*, 329 Mich App at 620. The parties contract specified that any decision or award resulting from arbitration "shall include the assessment of costs, expenses, and reasonable attorney fees." Defendant has not disputed that plaintiffs' attorney elicited testimony at the arbitration hearing from plaintiff Hedge that his attorney fees approximated $40,000, nor does defendant contend that defendant had no opportunity to cross-examine Hedge about plaintiffs' attorney fees. The record reflects that the arbitrator afforded defendant ample opportunity to challenge the requested fees.

Although plaintiffs requested $40,000 in costs, expenses, and attorney fees, that amount included fees for plaintiffs' first demand for arbitration which AAA dismissed because defendant refused to arbitrate and for the proceedings to date in the trial court. The arbitrator concluded that she lacked authority to consider any attorney fees incurred beyond those related to the actual arbitration proceeding. The arbitrator determined the reasonable hourly rate and the work performed for the arbitration, and calculated and awarded plaintiffs $18,115, a significant lesser amount than plaintiffs requested. Defendant has not argued that the arbitrator improperly determined the hourly rate. Given the arbitrator's knowledge of the time and effort that plaintiffs' attorney expended and the work performed, and considering that the arbitrator awarded only those attorney fees incurred during the arbitration proceeding, we are not persuaded that defendant's inspection of the billing records would have necessitated a *substantially* different award.

Defendant implies that the trial court should have vacated the arbitration award because defendant's rights under MCL 691.1695 were violated. We find no merit to such contention. MCL 691.1695 gives parties to arbitration hearings a right to be heard, to present evidence material to the controversy, and to cross-examine witnesses appearing at the hearing. Defendant had opportunity to be heard on the issue of attorney fees, to present evidence regarding plaintiffs' entitlement to such fees, and to cross-examine Hedge respecting his testimony about attorney fees. Defendant's rights under MCL 691.1695, therefore, were not violated. For the foregoing reasons, we conclude that the trial court did not err by denying defendant's motion to vacate the arbitration award on the ground that defendant did not have an opportunity to view plaintiffs' counsel's billing invoices.

Defendant argues further that the trial court erred by denying its motion to vacate the arbitration award on the ground that the arbitrator exceeded her authority and violated the parties' arbitration provision by not allowing an official recording of the arbitration hearing. This claim of error also lacks merit. The arbitration provision in the parties' contract required a written record of the arbitration hearing. Rule 28 of the CAR governs the creation of a stenographic record of an arbitration hearing, regardless of whether the arbitration is administered according to regular or expedited proceedings. CAR, E-8(b), provides that "[a]ny party desiring a stenographic record may arrange for one pursuant to the provisions of Section R-28." Rule 28 provides:

> (a) Any party desiring a stenographic record shall make arrangements directly with a stenographer and shall notify the other parties of these arrangements at least three calendar days in advance of the hearing. The requesting party or parties shall pay the cost of the record.

> (b) No other means of recording the proceedings will be permitted absent the agreement of the parties or per the direction of the arbitrator.

(c) If the transcript or any other recording is agreed by the parties or determined by the arbitrator to be the official record of the proceedings, it must be provided to the arbitrator and made available to the other parties for inspection, at a date, time, and place determined by the arbitrator.

(d) The arbitrator may resolve any disputes with regard to apportionment of the costs of the stenographic record or other recording.

Defendant, through counsel, initially waived the requirement of a written record. When Reedy took over defendant's representation, he retracted the waiver and insisted on a written record. In response, the arbitrator issued an order summarizing the relevant portions of Rule 28 and cited the rule for the parties' further reference. Defendant did not follow the rule's requirements for arranging a stenographic record. The arbitrator decided on the day of the hearing to save the Zoom recording of the hearing and to forward it to the parties. The arbitrator explained in an e-mail to the parties that she had not listened to the recording and could not confirm its completeness or lack of technical glitches, and that not being a court reporter prevented her opining on the limitations and accuracies of the recording. For these reasons, the arbitrator left it to the parties to determine whether the Zoom recording would be the official record of the hearing, as allowed by Rule 28(c).

Defendant argues on appeal that the arbitrator failed to allow the production of a written record and that that failure violated the parties' contract. Neither position is accurate. The parties' arbitration provision required a written record of the arbitration hearing, and Rule 28 made the parties responsible for arranging for a stenographic record. The arbitrator clearly articulated the rule governing stenographic records in an order issued three weeks before the arbitration hearing, but defendant failed to arrange for a stenographer. The arbitrator also gave the parties an opportunity to agree to adopt the Zoom recording of the arbitration hearing as the official record, but the parties failed to reach an agreement. The arbitrator may allow an alternate means of recording the proceedings, and CAR Rule 28(c) grants the arbitrator the discretion to determine that a transcript or recording is the official record. However, Rule 28 does not require the arbitrator to allow an alternate means of recording or require the arbitrator to accept as the official record any recording not arranged for in compliance with CAR rules. Contrary to defendant's assertion, the arbitrator did not disallow an official recording of the arbitration hearing or prevent defendant from arranging a stenographic recording of the proceeding. Defendant simply failed to arrange for the creation of a record in accordance with the governing rules. For these reasons, we conclude that the trial court did not err by denying defendant's motion to vacate on the ground that the arbitrator's actions and decisions regarding the creation of an official record exceeded her powers.

Accordingly, we affirm the trial court's order confirming the arbitration award and denying defendant's motion to vacate the award.

Defendant next argues that the trial court erred by granting plaintiffs attorney fees and costs for plaintiffs' failed attempt at arbitration and for proceedings in the trial court. We disagree. We find the trial court's conclusion that this was all "one process" was correct and that therefore the awarding of attorney fees and costs was also correct.

The trial court awarded plaintiffs' request for attorney fees and costs based on the court's correct application of the arbitration provision in the parties' contract. A court's main goal when interpreting a contract is to honor the intentions of the parties, the best evidence of which are the words used in the contract. *Kyocera Corp v Hemlock Semiconductor, LLC*, 313 Mich App 437, 446; 886 NW2d 445 (2015). "When contract language is clear, unambiguous, and has a definite meaning, courts do not have the ability to write a different contract for the parties, or to consider extrinsic testimony to determine the parties' intent." *Id*. (quotation marks and citation omitted). If a contract's language is unambiguous, this Court must "construe and enforce the contract as written." *In re Estate of Koch*, 322 Mich App 383, 398; 912 NW2d 205 (2017).

The trial court opined generally that "reading the entire provision, it does note that attorney fees and costs would be allowable for any attempt to enforce the provisions of this agreement, which would include arbitration, but also could include adjudication in a circuit court." The arbitration provision provided:

> All claims and disputes arising under or relating to this Agreement are to be settled by binding arbitration in the state of Michigan and or another location mutually agreeable to the parties. The arbitration shall be conducted on a confidential basis pursuant to the Commercial Arbitration Rules of the American Arbitration Association. Any decision or award as a result of any such arbitration proceeding shall be in writing and shall provide an explanation for all conclusions of law and fact and shall include the assessment of costs, expenses, and reasonable attorneys' fees. Any such arbitration shall be conducted by an arbitrator experienced in current matters and shall include a written record of the arbitration hearing. The parties reserve the right to object to any individual who shall be employed by or affiliated with a competing organization or entity. An award of arbitration may be confirmed in a court of competent jurisdiction.

Given all of the facts and circumstances of this case, much of which was reflected on the record by the trial court before the trial court issued its opinion in this case regarding this issue, including defendant's initial refusal to participate in the arbitration process and plaintiffs being required to seek judicial relief to compel arbitration, we conclude the arbitration provision supports the trial court's interpretation and result. Plaintiffs' contention that the arbitration provision allows an award of costs, expenses, and reasonable attorney fees for "[a]ll claims and disputes arising under or relating to [the] Agreement" is within the plain language of the provision.

We affirm. Plaintiffs having prevailed in all aspects of this appeal may impose costs.

/s/ Michael J. Riordan
/s/ Jane E. Markey
/s/ James Robert Redford